This case is case number 4-15-0766, in re the marriage of Diane Cramsey, appellee, and Richard Cramsey, appellant. Appearing before the appellant is Attorney Brunner, and for the appellee is Attorney Shearing. Mr. Brunner, are you ready to proceed? I am, Your Honor. You may proceed. You may place the court. Mr. Shearing. This is a case that involves race judicata, and it's our position that it involves the misapplication of the doctrine of race judicata. For purposes of this argument, I'd like to make three essential points. First, that the doctrine of race judicata does not apply and should not apply to the amended motion to modify filed by Richard. Second, that the doctrine should not apply to either the original motion to modify or the amended motion. And third, that this is a case where race judicata simply should not apply at all. First, and most recently, with regard to the amended motion to modify, the trial court struck that motion, citing the doctrine of race judicata. I think that's a fairly straightforward issue because this court has recently dealt with that exact same issue in Riker v. Prairie Farms, 2015, L.A. 4th, 140613. In that case, what this court said was granting a plea to file an amended pleading is essentially a ruling that the pleading can be cured, and further, that the doctrine of race judicata does not apply to that amended pleading. Now, going on to the original motion to modify, we do not believe that the doctrine should apply to the decision of the trial court to strike that amended, or the original pleading. The trial court did not cite race judicata as the reason for striking the original pleading, but by implication, I think the argument is still there. As we are well aware, the doctrine has three elements. First, that there must be a prior judgment on the merits. Second, that there must be an identity of the causes of action. And lastly, that there be an identity of the parties. Well, we clearly have an identity of the parties, but I do not believe that either of the first two elements apply here. First, where we have to start is these folks had a two-day divorce trial. The trial court entered a memorandum of opinion. Essentially, the case was decided, but a final judgment had not yet been entered. Richard's attorney filed a post-trial motion, which essentially asked to reopen the case. What Richard's attorney did in that post-trial motion was to say, there are new facts which have arisen since the close of evidence. The trial court, in my opinion, appropriately denied that motion. You can't be reopening cases where you've gone through trial just because things have changed after the close of evidence. That was not a decision on the merits. It was a decision not to reopen the evidence. So I do not think the first element of res judicata is met. The second element, an identity of the causes of action. Well, what Richard alleged in his post-trial motion was that his employment was about to end, that he had executed a resignation by mutual agreement, and that he would be receiving severance benefits. After his motion, or his post-trial motion, was denied, well, the agreement never went through. Richard continued to work for his employer for another six months. Then he was terminated as part of a reduction in work force six months later. At that point, he filed a motion to modify. That motion to modify said his employment was terminated, inherently different from the original post-trial motion. Now, when Richard filed his post-trial motion, he was seeking to reopen the evidence. Now, his allegations could have been premature. He could have been seeking the wrong remedy. As Mr. Shearing, in fact, pointed out to the trial court, instead of a post-trial motion, he should have filed a motion to modify. That's right in the record. But what we do not have is an identity of the issues between the time of the post-trial motion and Richard's first motion to modify. Finally, what I would point out is, well, not finally. I would also state that this situation was dealt with by this court in a very similar case, namely in Ray Marriage of Waldsmith. The citation on that is 608 Northeast 2nd, 1299. In that case, we had a former husband who was ordered to pay maintenance. He files a motion to modify maintenance after his former wife receives a nice inheritance. That motion was ultimately granted. Roughly a year later, he files another motion to modify, claiming that what the former wife was receiving was in excess of her stated needs, as expressed in various platings and documents before the court. The trial court struck his second motion to modify. In that case, this court said circumstances can change and that a party is not precluded from presenting new facts, even if those facts could have been presented at the original hearing. This case is even more extreme than Waldsmith. Richard Cramsey thought he was signing a contract, a severance agreement, at the time of his post-trial motion. At the time of his motion to modify six months later, the job was absolutely gone. Those are inherently different. So we cannot say that there's an identity of issues here. Lastly is the concept that race judicata is not applied when it would be inherently inequitable to do so. That concept was memorialized in the restatement of judgments, and it has been recognized by Illinois courts, including this court. Basically, what we have is a situation where Mr. Cramsey, Richard, has the remedy to modify maintenance under 510 of the Marriage and Dissolution of Marriage Act. That statute sets out various things that the court shall consider. One of those is a change in employment status. That's precisely what we have here. And what we have is a gentleman who had very substantial employment. He was making over $100,000 a year. That job is now gone. Another factor which 510 says that the trial court shall consider is the decrease or increase of income of the parties. That factors right in with employment. But in essence, Mr. Cramsey would never have the benefit of Section 510 if these rulings are upheld. When, if ever, would he raise the issue of the loss of his employment? Arguably, he should have waited on his post-trial motion, but at that time a judgment had not yet been entered. I think it was appropriate for him to file the motion. I think it was also appropriate for the trial court to deny that original post-trial motion. When he filed his motion to modify, that seemed to be appropriate timing in light of the circumstances and facts which had changed between the time of the post-trial motion and the motion to modify. The job was gone. I believe that to uphold this ruling is essentially to forever deprive Richard Cramsey of his ability to modify maintenance based on the loss of a substantial job. I believe for all of these reasons, as well as the reasons cited in my briefs, that this decision should be reversed and that matters should be remanded to the trial court for hearing on Richard's amended motion to modify. Thank you. Thank you, counsel. Mr. Surik? Good day. Please, the court, Mr. Brenner. First of all, if we look at the issues, the issue in regards to the petition for modification of maintenance that was filed in May of 2015, it concerns the issue of whether or not there has been a substantial change in circumstances. Judge Woollahan had been not only the trial judge that heard the two-day trial in this matter, but also heard the various motions after the entry of the memorandum of opinion. And he continued to hear the arguments on the motion to modify the maintenance and the amended motion to modify the maintenance. In Mr. Brenner's reply brief, there's the issue that he addresses in regards to res judicata. I think this court has the power, the authority to review the facts of this case and decide as to whether or not Judge Woollahan has followed the law in fact, or if there's facts to support whatever the final decision that he has rendered in regards to a denial or a striking of both the motion to dismiss and the amended motion to dismiss. As Mr. Brenner has stated in arguments before Judge Woollahan, it has been argued by myself that this is not a bar from Mr. Cramsey being a bar from filing any petition to modify his maintenance if in fact there is a substantial change in circumstances. So I think we start with the premises that the motion was filed in May of 2015. We then get to the filing of the petition to strike that based upon, fair to say, a substantial change in circumstances. No allegation of res judicata in that. We then go to the argument on that motion and Judge Woollahan in his ruling states the court had previously ruled on all three issues. Since it's the same parties, the same issues, same exhibits and the same pleadings, it's a res judicata situation. So this was on the amended petition that was filed. So the amended petition he said was denied was the original one when he heard arguments on that motion in July of 2015. At what point did Judge Woollahan consider whether or not the termination of employment constituted a substantial change in circumstances? And what was his ruling? In November of 2015, in the motion to reopen the evidence or the reconsideration, there is the pleading that was filed at that time that addressed the issue of Mr. Cramsey's employment. And in the motion that was filed at that time, there's an allegation in paragraph 13 that Mr. Ramsey has in fact lost his employment at that particular point in time. So that was argued at that time on the motion to reopen and address the issue of maintenance. Well, just taking things in order here, it was a motion to dismiss the motion to reopen proofs. Yes. That was granted, correct? Correct. So was there a ruling on the merits? There was not. There was a ruling just on the motion to strike the petition for reconsideration and the petition to reopen the evidence. So at what point did Judge Woollahan address the allegation that Mr. Cramsey's termination in employment constituted a substantial change in circumstances? In the order that he rendered dismissing the petition to reopen the evidence or to reconsider, he found and made a ruling in his order that there's, that in regards to Mr. Cramsey's, I mean, there's other matters that came into it. I mean, at that time in the pleading and what he considered was the fact that we have a situation where he's alleging now in a verified motion to reopen that there has been a change of circumstances and he's lost his job. And the second thing was that he has received maintenance or severance baggage for 52 weeks. So the court felt at that point in time it would be speculative to say what in fact he would be receiving or not receiving. And then we, again, go forward to May, we have the only allegation in that petition is the fact that he lost his income. Well, his job was terminated. Wasn't that what he said in his petition? Excuse me? His job was terminated? His job, well... In fact, in May 22? If you read the, and I objected to the letter that was from his employer. It's the letter of, I think, March the 23rd. Counsel, my question was, in his May 2015 motion, didn't he allege that his employment was terminated effective May 22? Yes, he did. And that's the first time his employment was terminated, wasn't it? No, sir. It was terminated on November the 12th, 2015. So his statement that it was terminated effective May 22 was wrong? You know, what happened between November, after the issue was decided in regards to his employment, I think from what we now know that he took a six-month disability based upon depression, that based upon that he did not get his severance. We don't know if he went back to work full-time, but I can tell you on November the 3rd, and this all came to light on November the 3rd, there was a hearing on fees, and he was asked the question, are you currently employed? No. Do you currently have any monies coming in from your employer? I have a severance package that was given to me in June and was in a cash amount. Were you paid the full amount in June, or was it just over a period of time? They gave me an amount in June for the remainder of this year. And how much did you receive in June? I think it was a neighborhood of $49,000. And are you owed any more monies? That's the determination whether or not they re-receive you or not. So the importance of that is the same thing that was addressed back in November when the courts there said it's too speculative to see what's going to happen to him, what his income is going to be, what his severance is going to be, and there has been things that have transpired during this period of a year in regards to what income he had or where it came from. Initially, the motion that he filed to reopen and reconsider was based upon loss of income and a severance package that he was to receive for 52 months. That, I believe, based upon Judge Willihan's decision on the first motion, on the hearing on the first motion, whether it be res judicata, whether it be a collateral estoppel, whether it be no showing of substantial change in circumstances, the right thing to do at that time was to strike the petition. Now, if he in fact received a severance of $49,000, plus we understand from what he said at the hearing in November that he was continuing to receive his monies from his employer. So, when the first motion in November was ordered, we agreed, not agreed, but said that if he was going to pursue any modification, it would be after the period of time when his employment would have terminated based upon his severance package. Now, we don't know what has happened all that. Now, this may be arguing more facts of the case than what we may get to at some point in time, but at the state of the pleadings that were filed, and Judge Willihan's reviewing of the motion to modify it, what happened back in November, he based it upon the fact that there was an identity of the issues here. And I think in Illinois we have what's called a transactional test as to whether or not, you don't have to have the same exact pleading, but if it's pleading with the same parties, the same issues, and I believe that back in November, in the argument on the motion to proceed to hearing on the motion to reopen or to reconsider, I think that that was considered. Now, I would agree there was no evidence presented at that time, but it was based upon the verified pleadings that had been filed by Mr. Cramsey. So, again, as I stated, he would have the right to obviously proceed on a motion to modify maintenance if there's in the pleading that he files evidence or facts to support that. And just the allegation that he didn't have employment, or that he lost his employment and said it's already been decided is not enough. As we stated in the argument that he would have the right to proceed at some point in time, but we have now that he's coming in six months after, so if there was a hearing on it, it's resurrected back to May of 2015. The evidence that was submitted, or the arguments that were submitted in November of 2015, was that if nothing else, he was to receive his maintenance for some 52 weeks, which would take him up until November of 2016. So, again, I don't believe that this ruling and dismissing his petition at this time in any way prevents him from proceeding with filing a motion to modify, but looking at the four corners of the pleading, there's not enough in there to support that other than stating, again, he lost his employment, and we think that was addressed back in November of 2015. Thank you. Okay, thank you. Mr. Brenner, rebuttal. Thank you. Just a couple of points. It would appear as though that Mr. Shearing is attempting to argue evidence in a case where there has never been any evidence. Initially, we had the motion to reopen proofs. There was no finding of substantial change in circumstance. There was no finding at all other than the trial court determined that it was not going to reopen a trial that it had just finished and had just effectively ruled on. There was nothing to preclude Richard from raising those issues later, which he, in fact, did, but he raised different issues later because his facts were different six months later. His job was terminated. When he filed his motion to reopen, he believed that he was going to enter into a severance contract. That contract was never implemented or executed. Those facts are explained in the amended motion to modify. What we have is an individual who has never had his day in court on the issue of the termination of his employment. Mr. Shearing makes various points about evidence that came up in a hearing on Diane Gramsci's motion for fees on appeal. The trial court had already ruled that Richard could not bring his amended petition to modify. What is being argued by Mr. Shearing here is evidence that was not before the court at the time these issues came up. Now, granted, those issues could come up in an actual hearing on a motion to modify, but that's what we are asking the court for now. Richard wants to be able to litigate this particular issue. Additionally, Mr. Shearing made the statement that Richard can file a motion to modify. That one has me scratching my head a bit because his change of circumstance is losing a job that paid him $110,000 a year. If he can't raise that as a substantial change in circumstance, where is he going to find that substantial change in circumstance? Basically, this is not a situation where raised judicata is applicable, nor should it be applied. So we would be asking the court to reverse the decision of the trial court and to remand this for hearing. Thank you. All right. Thank you, counsel. Thank you both. The case will be taken under advisement and a written decision shall issue.